1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9

10  TIMOTHY GREENWOOD,                )     No. EDCV 09-1781-RC
                                      )
11           Plaintiff,               )
                                      )     OPINION AND ORDER
12      v.                            )
                                      )
13  MICHAEL J. ASTRUE,                )
    Commissioner of Social Security,  )
14                                    )
             Defendant.               )
15  _____ )

16      Plaintiff Timothy Greenwood filed a complaint on September 28,

17  2009, seeking review of the Commissioner's decision denying his

18  application for disability benefits.  On February 16, 2010, the

19  Commissioner answered the complaint, and the parties filed a joint

20  stipulation on March 31, 2010.

21

22                          **BACKGROUND**

23      On April 24, 2007, plaintiff, who was born on December 25, 1960,

24  applied for disability benefits under the Supplemental Security Income

25  program ("SSI") of Title XVI of the Social Security Act ("Act"),

26  claiming an inability to work since July 4, 2005, due to bipolar and

27  psychotic disorders.  Certified Administrative Record ("A.R.") 124-26.

28  The plaintiff's application was initially denied on August 21, 2007,

1    and was denied again on December 21, 2007, following reconsideration.
2    A.R. 63-67, 70-75.  The plaintiff then requested an administrative
3    hearing, which was held before Administrative Law Judge Charles E.
4    Stevenson ("the ALJ") on May 21, 2009.  A.R. 38-58, 76.  On July 14,
5    2009, the ALJ issued a decision finding plaintiff is not disabled.
6    A.R. 5-20.  The plaintiff appealed this decision to the Appeals
7    Council, which denied review on September 1, 2009.  A.R. 1-4.

8

9                              **DISCUSSION**
10                                  **I**

11        The Court, pursuant to 42 U.S.C. § 405(g), has the authority to
12    review the Commissioner's decision denying plaintiff disability
13    benefits to determine if his findings are supported by substantial
14    evidence and whether the Commissioner used the proper legal standards
15    in reaching his decision.  Vasquez v. Astrue, 572 F.3d 586, 591 (9th
16    Cir. 2009); Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th Cir. 2009).

17

18        The claimant is "disabled" for the purpose of receiving benefits
19    under the Act if he is unable to engage in any substantial gainful
20    activity due to an impairment which has lasted, or is expected to
21    last, for a continuous period of at least twelve months.  42 U.S.C.
22    § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).  "The claimant bears the
23    burden of establishing a prima facie case of disability."  Roberts v.
24    Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122
25    (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

26

27        The Commissioner has promulgated regulations establishing a five-
28    step sequential evaluation process for the ALJ to follow in a

                                    2

disability case.  20 C.F.R. § 416.920.  In the **First Step**, the ALJ

must determine whether the claimant is currently engaged in

substantial gainful activity.  20 C.F.R. § 416.920(b).  If not, in the

**Second Step**, the ALJ must determine whether the claimant has a severe

impairment or combination of impairments significantly limiting him

from performing basic work activities.  20 C.F.R. § 416.920(c).  If

so, in the **Third Step**, the ALJ must determine whether the claimant has

an impairment or combination of impairments that meets or equals the

requirements of the Listing of Impairments ("Listing"), 20 C.F.R.

§ 404, Subpart P, App. 1.  20 C.F.R. § 416.920(d).  If not, in the

**Fourth Step**, the ALJ must determine whether the claimant has

sufficient residual functional capacity despite the impairment or

various limitations to perform his past work.  20 C.F.R. § 416.920(f).

If not, in **Step Five**, the burden shifts to the Commissioner to show

the claimant can perform other work that exists in significant numbers

in the national economy.  20 C.F.R. § 416.920(g).  Moreover, where

there is evidence of a mental impairment that may prevent a claimant

from working, the Commissioner has supplemented the five-step

sequential evaluation process with additional regulations addressing

mental impairments.[1]  <u>Maier v. Comm'r of the Soc. Sec. Admin.</u>, 154

---

[1]  First, the ALJ must determine the presence or absence of
certain medical findings relevant to the ability to work.  20
C.F.R. § 416.920a(b)(1).  Second, when the claimant establishes
these medical findings, the ALJ must rate the degree of
functional loss resulting from the impairment by considering four
areas of function: (a) activities of daily living; (b) social
functioning; (c) concentration, persistence, or pace; and (d)
episodes of decompensation.  20 C.F.R. § 416.920a(c)(2-4).
Third, after rating the degree of loss, the ALJ must determine
whether the claimant has a severe mental impairment.  20 C.F.R.
§ 416.920a(d).  Fourth, when a mental impairment is found to be
severe, the ALJ must determine if it meets or equals a Listing.

1  F.3d 913, 914-15 (9th Cir. 1998) (per curiam).

2

3      However, "[a] finding of 'disabled' under the five-step inquiry

4  does not automatically qualify a claimant for disability benefits."

5  Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); Parra v.

6  Astrue, 481 F.3d 742, 746 (9th Cir. 2007), cert. denied, 552 U.S. 1141

7  (2008).  Rather, the Act provides that "[a]n individual shall not be

8  considered disabled . . . if alcoholism or drug addiction would . . .

9  be a contributing factor material to the Commissioner's determination

10  that the individual is disabled."  42 U.S.C. § 423(d)(2)(C).  "[T]he

11  claimant bears the burden of proving that drug or alcohol addiction is

12  not a contributing factor material to his disability."  Parra, 481

13  F.3d at 744-45, 748; Ball v. Massanari, 254 F.3d 817, 821 (9th Cir.

14  2001).

15

16      "The 'key factor . . . in determining whether drug addiction or

17  alcoholism is a contributing factor material to the determination of

18  disability' is whether an individual would still be found disabled if

19  [he] stopped using alcohol or drugs."  Sousa v. Callahan, 143 F.3d

20  1240, 1245 (9th Cir. 1998) (citation omitted); see also 20 C.F.R.

21  § 416.935(b)(1) (same).  "In making this determination, [the ALJ] will

22  evaluate which of [the claimant's] current physical and mental

23  limitations . . . would remain if [the claimant] stopped using drugs

24  _____

25  20 C.F.R. § 416.920a(d)(2).  Finally, if a Listing is not met,
   the ALJ must then perform a residual functional capacity
26  assessment, and the ALJ's decision "must incorporate the
   pertinent findings and conclusions" regarding plaintiff's mental
27  impairment, including "a specific finding as to the degree of
   limitation in each of the functional areas described in
28  [§ 416.920a(c)(3)]."  20 C.F.R. § 416.920a(d)(3), (e)(2).

or alcohol and then determine whether any or all of [the claimant's] remaining limitations would be disabling." 20 C.F.R. § 416.935(b)(2). "If the remaining limitations would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability." Parra, 481 F.3d at 747. "If [the] . . . remaining limitations would not be disabling, [the ALJ] will find that [the claimant's] drug addiction or alcoholism is a contributing factor material to the determination of disability[,]" 20 C.F.R. § 416.935(b)(2)(i); Parra, 481 F.3d at 747, and benefits will be denied.

For individuals such as plaintiff, who have a substance abuse problem, the ALJ:

> must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction. If the ALJ finds that the claimant is not disabled under the five-step inquiry, then the claimant is not entitled to benefits and there is no need to proceed with the analysis under 20 C.F.R. § . . . 416.935. If the ALJ finds that the claimant is disabled and there is "medical evidence of [his or her] drug addiction or alcoholism," then the ALJ should proceed under § . . . 416.935 to determine if the claimant "would still [be found] disabled if [he or she] stopped using alcohol or drugs."

Bustamante, 262 F.3d at 955 (citations omitted); see also 20 C.F.R. § 416.935(a) ("*If we find that you are disabled and have medical*

1    **evidence of your drug addiction or alcoholism**, we must determine

2    whether your drug addiction or alcoholism is a contributing factor

3    material to the determination of disability." (emphasis added));

4    Brueggemann v. Barnhart, 348 F.3d 689, 694-95 (8th Cir. 2003) ("The

5    plain text of the relevant regulation requires the ALJ first to

6    determine whether [the claimant] is disabled . . . without segregating

7    out any effects that might be due to substance abuse disorders. . . .

8    If the gross total of a claimant's limitations, including the effect

9    of substance use disorders, suffices to show disability, then the ALJ

10   must next consider which limitations would remain when the effects of

11   the substance use disorders are absent." (citations and footnote

12   omitted)); Drapeau v. Massanari, 255 F.3d 1211, 1214 (10th Cir. 2001)

13   ("The implementing regulations make clear that a finding of disability

14   is a condition precedent to an application of § 423(d)(2)(C).  The

15   [ALJ] must first make a determination that the claimant is disabled.

16   He must then make a determination whether the claimant would still be

17   found disabled if he or she stopped abusing alcohol." (citations

18   omitted)).

19

20       Applying the five-step sequential evaluation process, the ALJ

21   found plaintiff has not engaged in substantial gainful activity since

22   April 17, 2007, his application date.  (Step One).  The ALJ then found

23   plaintiff has the following severe combination of impairments:  "a

24   mood disorder with psychotic features, asthma and a history of

25   substance abuse."  (Step Two).  The ALJ found that plaintiff's

26   substance abuse meets Listing 12.09 (Step Three), and plaintiff is

27   disabled based on his substance abuse.  A.R. 11-13.  The ALJ next

28   determined that even if plaintiff stopped his substance abuse, he

would continue to have a severe impairment (Step Two); however, it
would not meet or equal a Listing.  (Step Three).  The ALJ then found
plaintiff has no past relevant work.  (Step Four).  Finally, the ALJ
determined that if plaintiff stopped his substance abuse, he could
perform a significant number of jobs in the national economy;
therefore, he is not disabled.  (Step Five).


                                    II

    A claimant's residual functional capacity ("RFC") is what he can
still do despite his physical, mental, nonexertional, and other
limitations.  Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001);
see also Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 689 (9th
Cir. 2009) (RFC is "a summary of what the claimant is capable of doing
(for example, how much weight he can lift).").  Here, the ALJ found
that if plaintiff stopped abusing drugs, he could "perform a full
range of work at all exertional levels but with the following
nonexertional limitations: he is limited to simple and repetitive
tasks, and to work requiring no significant contact with the public
although incidental contact would be permissible, and as a precaution,
he is limited to work not involving exposure to concentrated fumes,
odors, dusts and gases."  A.R. 14.  However, plaintiff contends the
ALJ's RFC assessment is not supported by substantial evidence because
the ALJ failed to properly consider the opinion of Inderjit Seehrai,
M.D., an examining psychiatrist.  The plaintiff is correct.


    "[T]he ALJ may only reject . . . [an] examining physician's
uncontradicted medical opinion based on 'clear and convincing
reasons[,]'" Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155,

                                    7

1  1164 (9th Cir. 2008) (citation omitted); <u>Widmark v. Barnhart</u>, 454 F.3d
2  1063, 1066 (9th Cir. 2006), and "[e]ven if contradicted by another
3  doctor, the opinion of an examining doctor can be rejected only for
4  specific and legitimate reasons that are supported by substantial
5  evidence in the record." <u>Regennitter v. Comm'r of the Soc. Sec.</u>
6  <u>Admin.</u>, 166 F.3d 1294, 1298-99 (9th Cir. 1999); <u>Ryan v. Comm'r of Soc.</u>
7  <u>Sec.</u>, 528 F.3d 1194, 1198 (9th Cir. 2008).

8

9       On July 21, 2007, Dr. Seehrai examined plaintiff and diagnosed
10  him as having an unspecified mood disorder and an unspecified
11  psychotic disorder and a history of polysubstance dependency, in early
12  remission; however, Dr. Seehrai wanted to rule out bipolar disorder I
13  with psychotic features and schizoaffective disorder, bipolar disorder
14  type, and substance/alcohol-induced mood disorder and psychotic
15  disorder.  A.R. 221-25.  Dr. Seehrai found plaintiff had marginal
16  insight and judgment and is not capable of managing funds by himself,
17  and opined plaintiff's Global Assessment of Functioning ("GAF") was
18  50.[2]  A.R. 224-25.  Dr. Seehrai found:

19

20       [plaintiff] was cooperative at the time of the interview.
21       He did not show any anger or irritable mood.  He is capable
22       of interacting with other people and the public when he is
23       in a mallow [sic] mood.  His mental status examination and

24  ─────────────────

25       [2] A GAF of 50 means that the plaintiff exhibits "[s]erious
    symptoms (e.g., suicidal ideation, severe obsessional rituals,
26  frequent shoplifting) or any serious impairment in social,
    occupational, or school functioning (e.g. no friends, unable to
27  keep a job)."  American Psychiatric Ass'n, <u>Diagnostic and</u>
    <u>Statistical Manual of Mental Disorders</u>, 34 (4th ed. (Text
28  Revision) 2000).

1    history show that he has mood swings between depression,

2    anger and psychosis.  He is capable of doing simple and

3    repetitive tasks but he has moderate impairment to do

4    detailed and complex tasks because of his mood swings,

5    sedative medications and medical problems.  He has moderate

6    impairment to finish his workday or workweek because of his

7    mood swings, psychosis, short-term memory deficit, physical

8    problems and sedative medication.

9

10   A.R. 225.

11

12       The ALJ relied on some of Dr. Seehrai's opinions in assessing

13   plaintiff's RFC, and found plaintiff can only perform simple

14   repetitive tasks and work requiring no significant public contact.

15   A.R. 14, 17.  However, the ALJ ignored, and implicitly rejected

16   without any explanation,[3] Dr. Seehrai's opinions that plaintiff has a

17   moderate impairment in his ability to finish his workday or workweek

18   because of his mood swings, psychosis, short-term memory deficit,

19   physical problems and sedative medication.  <u>Ibid.</u>  This was legal

20   error.  <u>Lingenfelter</u>, 504 F.3d at 1038 n.10; <u>Smolen</u>, 80 F.3d at 1286.

21   Moreover, since the ALJ relied on only some of Dr. Seehrai's opinions

22   in assessing plaintiff's RFC, <u>see</u> A.R. 17-18, "substantial evidence

23   does not support the [ALJ's RFC] assessment."  <u>Lingenfelter</u>, 504 F.3d

24   _____

25       [3]  It is of course true, as the Commissioner argues, that
     "an ALJ is not required to adopt all of an examining physician's
26   assessment."  Jt. Stip. at 6:1-8; <u>Magallanes v. Bowen</u>, 881 F.2d
     747, 753 (9th Cir. 1989).  However, the ALJ is required to
27   explain his reasons for rejecting those portions of an examining
     physician's assessment he chooses not to adopt.  <u>Lingenfelter v.</u>
28   <u>Astrue</u>, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007).

1   at 1040; <u>Widmark</u>, 454 F.3d at 1070.  "Nor does substantial evidence

2   support the ALJ's step-five determination, since it was based on this

3   erroneous RFC assessment."[4]  <u>Lingenfelter</u>, 504 F.3d at 1041.

4

5                                             **III**

6       When the Commissioner's decision is not supported by substantial

7   evidence, the Court has authority to affirm, modify, or reverse the

8   Commissioner's decision "with or without remanding the cause for

9   rehearing."  42 U.S.C. § 405(g); <u>McCartey v. Massanari</u>, 298 F.3d 1072,

10   1076 (9th Cir. 2002).  "Remand for further administrative proceedings

11   is appropriate if enhancement of the record would be useful."  <u>Benecke</u>

12   <u>v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004).  Here, remand is

13   appropriate so the ALJ can properly consider Dr. Seehrai's opinions in

14   determining plaintiff's RFC and whether plaintiff is disabled.

15   <u>Widmark</u>, 454 F.3d at 1070; <u>Bunnell v. Barnhart</u>, 336 F.3d 1112, 1116

16   (9th Cir. 2003).

17

18                                       **ORDER**

19       IT IS ORDERED that: (1) plaintiff's request for relief is granted

20   and defendant's request for relief is denied; and (2) the

21   Commissioner's decision is reversed, and the action is remanded to the

22   Social Security Administration for further proceedings consistent with

23   this Opinion and Order, pursuant to sentence four of 42 U.S.C.

24   § 405(g), and Judgment shall be entered accordingly.

25   DATE:  November 15, 2010          /S/ ROSALYN M. CHAPMAN_____
                                                  ROSALYN M. CHAPMAN

26          _____

27         [4]  Having reached this conclusion, it is unnecessary to
reach the other issues plaintiff raises, none of which warrant

28   any further relief than herein granted.

UNITED STATES MAGISTRATE JUDGE